UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS McAFEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:22-cv-342-KHJ-MTP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| AND UNITED STATES POSTAL | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendants | ) | |

**COMES NOW** Thomas McAfee, individually, through undersigned counsel of record, and files this his cause of action for negligence against Defendants, and herein alleges, based on information and belief:

**JURISDICTION & VENUE**

1. This action is brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq*., against the United States of America and United States Postal Service, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

2. Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. § 1391(b)(2), as well as 28 U.S.C. § 1391(e)(1), because the United States is a Defendant.

**NATURE OF THE ACTION**

3. This is a personal injury action arising out of an injury sustained to Plaintiff Thomas McAfee, on or about July 18, 2020, in Jackson, Mississippi.  While driving his vehicle through the

intersection of Chelsea Drive and Friars Cove, he was hit by a United States Postal Service employee who failed to yield the right of way by driving through the posted traffic sign causing the collision with Plaintiff. At all times relevant, the vehicle driven by Defendant's employee was owned, controlled, operated, supervised, managed, secured, and maintained by the United States Postal Service.

## PARTIES

4. Plaintiff Thomas McAfee is a competent adult who is a resident of the State of Mississippi and who brings this action individually against the Defendants for personal injuries.

5. At all relevant times, Defendant, the United States of America, acted through its agency, the United States Postal Service. At all times relevant, the USPS driver was an employee/agent of the United States Postal Service, an agency of the United States of America. The United States may be served with process upon the Attorney General and United States Attorney for the Southern District of Mississippi.

6. Defendant United States Postal Service is an independent establishment of the Executive Branch of the United States Government. The USPS is headquartered at 475 L'Enfant Plaza, SW, Washington, D.C. 20260. The USPS may be served with process upon the Attorney General and United States Attorney for the Southern District of Mississippi.

## STATUTORY BASIS OF LIABILITY AGAINST THE UNITED STATES OF AMERICA

7. This case is brought against the United States of America pursuant to 28 U.S.C. § 2671 *et seq.*, commonly referred to as the "Federal Tort Claims Act". Liability of the United States is predicated specifically on 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages that form the basis of this complaint were proximately caused by the negligence of an employee of the United States of America through its agency, the United States Postal

Service. The employee was acting within the course and scope of office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Mississippi.

8. Pursuant to 28 U.S.C. § 2675, this claim was presented to the appropriate agency of Defendant, the United States Postal Service, on January 28, 2021, and received by said agency on March 15, 2021, for the claim of Plaintiff. Said Defendant did not make final disposition of the claim within six months after first being presented with the claim. Therefore, the claim is deemed a final denial by operation of law.

### FIRST CAUSE OF ACTION – NEGLIGENCE

9. Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth herein.

10. Defendant United States Postal Service through its employee/agent driver was negligent in the operation of his vehicle by failing to keep a proper lookout, failing to yield the right of way, failing to maintain proper control of his vehicle, failing to use or improperly using gas pedal, brakes and/or steering mechanism; failing to avoid the collision, failing to take evasive action to avoid the collision; exceeding the appropriate speed under the circumstances; and failing to drive in a careless and/or reckless manner according to law and standards of care.  As a direct and proximate result of said negligence, Plaintiff suffered severe physical and mental injuries.

11.     Defendant owed and breached duties including, but not limited to, duties, 1) to act as a reasonably prudent person or entity, 2) to operate a vehicle in a safe and prudent manner, 3) to be alert for the presence of other vehicles, including Plaintiff, and 4) to see what Defendant reasonably should have seen with regard to the actions Defendant was performing and the reasonably foreseeable consequences, and also considering Plaintiff's whereabouts, the path of the roadway, the dimensions of the roadway, and

other factors, and to keep the vehicle generally under reasonably safe and proper control when acting under the circumstances.

Defendant owed and breached duties to the Plaintiff, including but not limited to, duties to act as a reasonably prudent person or entity so as not to create any unreasonably dangerous conditions on the roadway, and/or duties to act as a reasonably prudent person so as not to cause conditions or otherwise engage in actionable conduct which might result reasonably and foreseeable in dangers to others when considering what a reasonably prudent person or entity would do in exercising reasonable care under the circumstances. Defendant owed duties to be aware of and not to violate legal statutes or standards. Defendant breached duties not to engage in actual conduct which was unsafe, negligent, and grossly negligent, and for reckless and/or wanting and/or willfully dangerous conduct which directly and proximately resulted in the injuries, regardless of whether Defendant would claim he did or did not for see the exact manner in which the injury occurred. Defendant breached all said duties referred to in this complaint, unsafely, negligently, and directly and proximately resulting in all injuries and damages, including but not limited to those alleged in this complaint.

12. Plaintiff would also show that Defendant is vicariously liable for the negligent conduct of its employee/agent driver. In addition, Defendant is liable for negligent hiring, negligent entrustment and/or retention, negligent training, and negligent supervision of said employee/agent.

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff prays for judgment against Defendants on all causes of action as follows:

1. For general damages according to proof, to include pain and suffering, mental anguish and emotional distress, disfigurement, and loss of enjoyment of life;
2. For special damages according to proof, to include medical bills;
3. For personal property damages according to proof;

4. For pre-judgment and post-judgment interest as allowed by law;

5. For costs of suit incurred herein;

6. For any other statutory damages Plaintiff may be entitled; and

7. For such other and further relief as this Court may deem just and proper.

**RESPECTFULLY SUBMITTED**, this the 15th day of June, 2022.


BY: /s/Omar L. Nelson
**OMAR L. NELSON (MSB # 100105)**
**ATTORNEY FOR THE PLAINTIFF**

**OF COUNSEL:**

**Omar L. Nelson, Esq.**
*Partner*
**GIBBS TRAVIS PLLC**
**210 E. Capitol Street, Suite 1801**
**Jackson, Mississippi 39201**
**Telephone (601) 487-2624**
**Facsimile (601) 366-4295**
**Email: onelson@gibbstravis.com**